This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**BANK OF AMERICA, N.A., successor by merger to BAC HOME LOANS SERVICING, LP f/k/a COUNTRYWIDE HOME LOANS SERVICING, LP,**

Plaintiff-Appellant,

v.                                                            **NO. 34,789**

**PAMELA L. LIPPER and THE UNKNOWN SPOUSE OF PAMELA L. LIPPER, if any,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nancy J. Franchini, District Judge**

Weinstein & Riley, P.S.
Jason C. Bousliman
Albuquerque, NM

Bryan Cave LLP
Douglas E. Winter
Sarah Burwick
Santa Monica, CA

for Appellant

JRSPC, LLC
Joshua L. Simms

Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1}     In Plaintiff Bank of America's foreclosure action, the district court entered a default judgment against Defendant Pamela L. Lipper on January 22, 2008 and approved a special master's sale on November 2, 2009. Defendant did not appeal. The district court entered an order granting Plaintiff a writ of assistance on October 1, 2012, and this Court affirmed that order, noting both that Defendant "had failed to timely appeal either the decree of foreclosure or the order confirming the sale of the property" and that Defendant had "waived any arguments with respect to the merits of the underlying foreclosure and judicial sale." *Bank of America, N.A. v. Lipper*, No. 32,469, 2013 WL 4531737, mem. op. ¶¶ 2-3 (N.M. Ct. App. May 16, 2013) (non-precedential). The district court followed with a March 7, 2014 judgment on the mandate stating that "the decision of the [d]istrict [c]ourt stands, and this matter is now closed. No additional pleadings should be filed in this matter as the Court of Appeals decision is now final."

{2}     On August 25, 2014, Defendant filed a motion under Rule 1-060(B) NMRA to overturn the foreclosure judgment and sale. Based on the advent of *Bank of New York*

*v. Romero*, 2014-NMSC-007, 320 P.3d 1, on May 1, 2015, the district court granted Defendant's motion and voided the foreclosure judgment and sale on the ground that the court lacked jurisdiction to enter its foreclosure judgment and sale approval. The court nevertheless labeled its order as "interlocutory" and stated that "an immediate appeal . . . may materially advance the ultimate termination of this litigation." Plaintiff did not petition this Court for interlocutory relief; instead, on May 29, 2015, Plaintiff filed an appeal pursuant to NMSA 1978, Section 39-3-2 (1966). This Court raised the question whether the district court's May 1, 2015 order was a final order and asked the parties to brief that question.

**Finality**

{3} The district court's May 1, 2015 order effectively and practically determined that the district court lacked subject matter jurisdiction to entertain Plaintiff's foreclosure action and that the foreclosure judgment and sale were void. We hold that the district court's May 1, 2015 order is a final order and that this Court has jurisdiction to entertain Plaintiff's appeal. *See Capco Acquisub, Inc. v. Greka Energy Corp.*, 2007-NMCA-011, ¶ 17, 140 N.M. 920, 149 P.3d 1017 ("New Mexico courts generally consider a judgment final when all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible." (internal quotation marks and citation omitted)).

**The Merits**

**{4}** Our Supreme Court in *Deutsche Bank National Trust Co. v. Johnston*, 2016-NMSC-013, 369 P.3d 1046, corrected *Romero*'s determination that standing was jurisdictional, holding instead that standing was prudential. *Johnston*, 2016-NMSC-013, ¶¶ 10-11, 13. Made clear by *Johnston* and several memorandum opinions issued by this Court based on *Johnston*,[1] where, as here, a foreclosure defendant fails to raise standing before entry of the foreclosure judgment and order-approved foreclosure sale, that defendant waives an attack on prudential standing, and the waiver cannot be overcome by a Rule 1-060(B) motion seeking to invalidate the judgment and foreclosure sale. *Johnston*, 2016-NMSC-013, ¶¶ 33-34.

**{5}** Defendant did not raise lack of standing before the judgment and sale approval. We therefore reverse the district court's grant of Defendant's Rule 1-060(B) motion and the district court's determination that it lacked subject matter jurisdiction to

---

[1] Among this Court's memorandum opinions are: *Bank of America, N.A. v. Roybal*, No. 34,567, 2017 WL 1019516, mem. op. ¶¶ 1, 9-11 (N.M. Ct. App. Feb. 6, 2017) (non-precedential); *Bank of New York Mellon Trust Co., N.A. v. Jordan*, No. 35,710, 2017 WL 1018858, mem. op. ¶¶ 3-4 (N.M. Ct. App. Feb. 1, 2017) (non-precedential); *JP Morgan Chase Bank, N.A. v. Busi*, No. 34,224, 2016 WL 7971937, mem. op. ¶¶ 5-6 (N.M. Ct. App. Dec. 7, 2016) (non-precedential); *Matrix Financial Services Corp. v. Larribas*, No. 34,635, 2016 WL 3415202, mem. op. ¶¶ 2, 8-10 (N.M. Ct. App. May 26, 2016) (non-precedential).

3

entertain Plaintiff's foreclosure action. We hold that the district court's foreclosure judgment and sale approval stand as effective, final, and unattackable.

{6}    **IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**HENRY M. BOHNHOFF, Judge**